IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY WARNSLEY,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE VILLEGAS *et al.*,<br><br>    Defendants. | No. 22-cv-00347<br><br>Judge John F. Kness |

## ORDER

Plaintiff's motion to compel Respondent Cook County State's Attorney's Office ("CCSAO") to comply with Plaintiff's subpoena (Dkt. 22) is granted. See accompanying Statement for details.

## STATEMENT

On March 23, 2022, Plaintiff served a subpoena on CCSAO requesting three categories of items:

> (1) documents relating to Plaintiff's arrest and prosecution in the state case *People v. Warnsley*;
> (2) video and audio footage related to Plaintiff's alleged offense and arrest; and
> (3) materials related to the investigation and prosecution of Defendant Jose Villegas in the state case *People v. Villegas*.

(Dkt. 22 at 2.) Plaintiff alleges that CCSAO denied most of Plaintiff's requests. (*Id.*) As to documents relating to Plaintiff's arrest and prosecution in *People v. Warnsley*, CCSAO only provided the same redacted materials it had provided in response to Plaintiff's January 2022 FOIA request. (*Id.* at 2–3.) As to video and audio footage from Plaintiff's alleged offense and arrest, CCSAO declined production because any materials "were tendered pursuant to a grand jury subpoena." (*Id.* at 2; Dkt. 22, Ex. 3.) Finally, as to materials relating to Defendant Villegas in *People v. Villegas*, CCSAO declined production by asserting the law enforcement investigatory privilege, arguing that "this incident may be the subject of a future criminal prosecution." (*Id.*) As explained below, the Court grants Plaintiff's motion to compel as to all three categories.

1.  **Documents relating to *People v. Warnsley***

Plaintiff argues that the redactions of the documents previously obtained by FOIA are "inappropriate and unnecessary." (Dkt. 22 at 4 (citing *In re Marriage of Daniels*, 240 Ill. App. 3d 314, 326 (1st Dist. 1992)).) Plaintiff represents that CCSAO "declined to provide any facts establishing the harm that would arise from production of the subpoenaed materials." (*Id.*) Plaintiff also suggests "the possibility that any responsive materials be labeled attorneys-eyes only, further mitigating any possible risk of harm." (*Id.*) In response, CCSAO states that "CCSAO produced the privilege log for the redacted felony review file tendered to Plaintiff," of which "Plaintiff acknowledged receipt." (Dkt. 26 at 4.) CCSAO argues that "the redacted documents were LEADS printouts, including Victim Information." (*Id.*)

Plaintiff's interest in discovering the *Warnsley* arrest and prosecution documents outweighs any harm that CCSAO cites. Plaintiff notes in his reply brief that "Plaintiff is withdrawing his motion as it relates to the LEADS data only." (Dkt. 32 at 8 n.4.) As a result, the content to which CCSAO objects is no longer sought, and the Court sees no harm if CCSAO produces the remaining documents in their unredacted form. The balance of interests might have been different if the files pertained to the arrest and prosecution of a third party. But Plaintiff seeks documents relating to *his own* arrest and prosecution. Accordingly, Plaintiff's motion to compel as to the *Warnsley* documents is granted. CCSAO must designate any responsive documents as "attorneys-eyes only."

2.  **Video and Audio Footage related to Plaintiff's Arrest**

CCSAO withheld any video or audio footage of Plaintiff's arrest because it argues that the evidence "was obtained by the Grand Jury for the purposes of the investigation of Jose Villegas. As part of the Grand Jury process, it cannot be disclosed by the CCSAO pursuant to the Grand Jury Secrecy Act." (Dkt. 26 at 4 (citing 725 ILCS 5/112-6 (2019)).) Plaintiff counters that the subpoenaed materials have significance independent of the grand jury proceeding proceedings, and thus CCSAO should be compelled to produce them. (Dkt. 22 at 5 (citing *Bd. of Educ. Of Evanston Twp. High School Dist. No. 202 v. Admiral Heating & Ventilation, Inc.*, 513 F. Supp. 600, 603 (N.D. Ill. 1981)).)

Illinois courts look to federal cases in construing the Illinois Grand Jury Secrecy Act ("GJSA") because the federal rule and the Illinois statute are substantially similar. *See Walker v. Bruscato*, 2019 IL App (2d) 170775, at ¶ 56 (Ill. App. Ct. 2019) ("Because the federal rule [6(e)] and the [Illinois] statute contain substantially similar language, we look to federal cases in construing the statute."). In general, the federal nondisclosure rule "applies to anything that may reveal what occurred before the grand jury." *Martin v. Consultants & Adm'rs., Inc.*, 966 F.2d 1078, 1097 (7th Cir. 1992). But "the mere fact of the existence of a grand jury" does not

automatically convert any matter or document to be "before the grand jury." *In re Cudahy*, 294 F.3d 947, 951 (7th Cir. 2002). Rather, nondisclosure is required when "revelation of [the matter's] existence would disclose the identities of the targets or subjects of the grand jury's investigation and by doing so either incite them to flee or, should they never be indicted, subject them to undeserved bad publicity." *Id.* In addition, if a document "is sought for its own sake rather than to learn what took place before the grand jury, and if its release will not seriously compromise the secrecy of the grand jury's deliberations, Rule 6(e) does not forbid its release." *Dexia Credit Local v. Rogan*, 395 F. Supp. 2d 709, 715 (N.D. Ill. 2005) (citing *Matter of Special March 1981 Grand Jury*, 753 F.2d 575, 578 (7th Cir. 1985)).

CCSAO incorrectly asserts that the GJSA requires a wholesale withholding of Plaintiff's arrest footage. Plaintiff does not seek the arrest footage to learn what happened before the grand jury but rather seeks it for its own sake: to prosecute this civil case. And because Plaintiff and Defendant Villegas themselves are the subjects of the relevant footage, disclosure of the arrest footage also would not create the harms that *Cudahy* notes. CCSAO cannot use the GJSA as a shield when the specifics of the grand jury proceedings have nothing to do with this civil litigation. Accordingly, Plaintiff's motion to compel as to any audio and video footage relating to Plaintiff's arrest is granted.

### 3. Materials relating to *People v. Villegas*

On January 26, 2023, CCSAO filed a status report representing that the criminal matter of *People v. Villegas* has been resolved. (Dkt. 75.) As a result, CCSAO's sole reason for withholding the *Villegas* materials—the law enforcement investigatory privilege—no longer applies. Accordingly, the Court grants Plaintiff's motion as to the *Villegas* materials.

For these reasons, Plaintiff's motion to compel (Dkt. 22) is granted.

SO ORDERED in No. 22-cv-00347.

Date: February 24, 2023

_____
JOHN F. KNESS
United States District Judge